By the Court.—Curtis, J.
The defendants claim that they are entitled to have the commission executed before the two commissioners, and present this, as one of their reasons for having the commission suppressed. The statute (2 B. ¡3., § 16, p. 394), directs that “the persons to whom such commission shall be directed, or any one of them, unless otherwise expressly directed therein, shall execute the same.” Unless a party to *226 the suit takes the precaution to have an express provision to the contrary inserted in the commission, it is perfectly competent for any of the persons to whom the commission is directed to execute it.
After a party to the suit has allowed a commission to be issued and executed without this special direction, it is too late, upon the return of the commission, for him to obtain the suppression of it, for the reason that it was executed by but one of the commissioners. Such execution is a compliance with the law, and he cannot take advantage of his own omission, to have the commission executed by all the commissioners.
If, however, as the appellants urge, this execution by but one commissioner, was the result of a scheme to abuse the process of the court, and to deprive them of an opportunity of having their rights protected, in respect to the examination of this witness, then a case is presented, in which the authority of the court may be justly invoked to suppress the commission.
An examination of the papers on the appeal, fails to establish any bad faith in the taking of the deposition of Candler, in the absence of the commissioner Walker, who was named as such, by the appellants. The deposition was taken at Iuka, Miss., by the commissioner Blair, on January 27, 1875, in pursuance of an appointment for that time, made by the commissioner Walker, who was to meet him there, but failed to keep his engagement. Two preceding appointments had been made to take this deposition, and Mr. Walker was notified of them, but did not attend, as he claimed, in consequence of other engagements. To suit his convenience the execution of the commission was delayed nearly a month. It would have been unjust, under such circumstances, to have further delayed taking the deposition.
It is objected, that there is intrinsic evidence in the *227 commission itself, that the testimony was not taken and reduced to writing, within the time stated by Mr. Blair, in his telegraphic dispatch to Mr. Walker, and that it was a physical impossibility to have taken it in that time. A scrutiny of the number of folios of the answers of the witness, excluding the documents embraced or referred to in the answers, shows that a ready and diligent penman could easily, within the time, have reduced them to writing. There is consequently very little force in this objection. The papers fail to disclose evidence, that any undue means were resorted to, or employed, to shape or color the testimony taken.
It is urged by the appellants that several of the answers to the interrogatories and cross-interrogatories, which are enumerated by the appellants, are defective, and that for that reason, the deposition should be suppressed and not received in evidence on the trial. A perusal of these answers does not lead to the conclusion that the commission should be suppressed. What is now objected to as irrelevant, may appear relevant at the trial when connected with other evidence, and where the witness does not answer. Alleging a failure of memory, it is for the jury to determine whether that is the real reason. The appellants do not make it apparent, that they have been prejudiced in the execution of the commission, or that their rights cannot be sufficiently protected by objections to the answers at the trial.
The order appealed from should be affirmed with costs.
Sanford, J., concurred.